IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00007-REB-MEH

AAA NATIONAL MAINTENANCE, a Georgia Corporation, and
DANA MAYFIELD,

    Plaintiffs,

v.

CITY AND COUNTY OF DENVER, a Municipal Corporation,
DENVER DEPARTMENT OF AVIATION, a Department of the City and County of Denver,
KENTON JANZEN, in His Official Capacity as Denver's Buyer, and in his Individual Capacity,
APRIL HENDERSON, in Her Official Capacity as Denver's Contract Maintenance Manager, and in her Individual Capacity,
RUTH RODRIGUEZ, in Her Official Capacity as Denver's Executive Sponsor of Strategic Initiatives, and in her Individual Capacity, and
CHARYN BILLICK, in her Official Capacity as Denver's Contract Compliance Technician, and in her Individual Capacity,

    Defendants.

ORDER ON MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Pending before the Court is Plaintiffs' Motion for Leave to File the Attached Amended Complaint [filed March 16, 2009; docket #16]. The Motion has been referred to this Court. Oral argument would not materially assist the Court in its adjudication. For the reasons stated below, the Court **GRANTS** Plaintiffs' Motion for Leave.

Plaintiffs seek to amend their first Amended Complaint to clarify the alleged discriminatory actions about which they complain and to add allegations concerning disparate treatment. Notably, Plaintiffs submit their request before the deadline for Joinder of Parties and Amendment of Pleadings, set at April 30, 2009. (Docket #18 at 11.) Defendants' primary opposition is that the proposed amendment would be futile, because any additions to the proposed Second Amended Complaint do not cure the deficiencies raised in the pending Motion to Dismiss. The Court believes

the Defendants have *potentially* meritorious arguments for their Motion to Dismiss, and if, indeed, the District Judge agrees that the amendment does not cure the alleged deficiencies of the Amended Complaint, the only burden on the Defendants is to supplement their Motion to Dismiss stating their reasons for so believing. However, on the current record the Court cannot find that the arguments Defendants have provided should lead the Court to the inescapable conclusion that the allegations in the Second Amended Complaint are so clearly lacking that proposed amendment should be denied. Given the established case law governing motions to amend (particularly this type of motion which attempts to clarify the claims in the face of a Motion to Dismiss, and the fact that this lawsuit is barely three months old), as well as the fact that Judge Blackburn has retained to himself jurisdiction over the Motion to Dismiss, the Court will grant the Motion for Leave and instruct the Clerk of the Court to file the Second Amended Complaint.

Accordingly, Plaintiffs' Motion for Leave to File the Attached Amended Complaint [filed March 16, 2009; docket #16] is **GRANTED**; and

The Clerk of Court shall enter Plaintiff's proposed Second Amended Complaint, located at Docket #16-2.

Dated at Denver, Colorado, this 17th day of April, 2009.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge