**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 09-cv-00007-REB-MEH

AAA NATIONAL MAINTENANCE, a Georgia corporation, and
DANA MAYFIELD,

    Plaintiffs,

v.

CITY AND COUNTY OF DENVER, a municipal corporation,
DENVER DEPARTMENT OF AVIATION, a Department of the City and County of Denver,
KENTON JANZEN, in his official capacity as Denver's Buyer, and in his individual capacity, and
APRIL HENDERSON, in her official capacity as Denver's Contract Maintenance Manager, and in her individual capacity,

    Defendants.

## ORDER DENYING MOTION TO DISMISS

**Blackburn, J.**

The matter before me is **Defendants' Motion To Dismiss Plaintiffs' Second Amended Complaint Pursuant to Fed.R.Civ.P. 12(b)(6)** [#29], filed May 1, 2009. I deny the motion.

### I. JURISDICTION

I have subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question).

### II. STANDARD OF REVIEW

When ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), I must determine whether the allegations of the complaint are sufficient to state a claim within the meaning of Fed.R.Civ.P. 8(a). I must accept all well-pleaded allegations of the

complaint as true. **McDonald v. Kinder-Morgan, Inc.**, 287 F.3d 992, 997 (10th Cir. 2002). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." **Fernandez-Montes v. Allied Pilots Association**, 987 F.2d 278, 284 (5th Cir. 1993); **see also Ruiz v. McDonnell**, 299 F.3d 1173, 1181 (10th Cir. 2002) ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."), **cert. denied**, 123 S.Ct. 1908 (2003). I review the amended complaint to determine whether it "'contains enough facts to state a claim to relief that is plausible on its face.'" **Ridge at Red Hawk, L.L.C. v. Schneider**, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." **Id.** (emphases in original).[1] Nevertheless, the standard

---

[1] **Twombly** rejected and supplanted the "no set of facts" language of **Conley v. Gibson**, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The Tenth Circuit recently clarified the meaning of the "plausibility" standard:

> "plausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.
> 
> This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them. "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."

remains a liberal one, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Dias v. City and County of Denver*, – F.3d – , 2009 WL 1490359 at *6 (10th Cir. May 27, 2009) (quoting *Twombly*, 127 S.Ct. at 1965) (internal quotation marks omitted).

### III.  ANALYSIS

Plaintiff AAA National Maintenance ("AAA") is an African-American owned business that provides building maintenance services for corporate and government clients throughout the country.  Plaintiff Dana Mayfield, who is himself African American, is the Chief Executive Officer of AAA.  In 2008, AAA submitted the winning bid for a multi-year contract to provide power washing services at Denver International Airport ("DIA").  In June, 2008, while awaiting final approval of the contract by the City Council and signature by the Mayor, AAA began providing services under a series of short-term "Purchase Order" agreements.

Plaintiffs allege that the Denver Department of Aviation ("DOA") assigned at least one and sometimes two people to watch the all African-American crew plaintiffs sent to DIA to perform the work.  They maintain that although they received documentation showing that the crew's work had been satisfactorily completed, defendant Charyn Billick was surreptitiously filing separate reports that the work was unsatisfactory. Plaintiffs also allege that were assigned only those power washing tasks that paid less money.  Plaintiffs complained to Billick in July, 2008, telling her that they believed such

---

*Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008) (quoting *Twombly*, 127 S.Ct. at 1974; internal citations and footnote omitted).

decisions were racially motivated.

In August, 2008, DOA supervisors informed plaintiffs that they would be required to clean certain items that came under the multi-year contract's provision for "extra work," but were not specifically covered by the Purchase Order agreements under which plaintiffs were then still operating. Janzen and Henderson allegedly told plaintiffs that they would lose the multi-year contract if this extra work was not completed. At the same time, defendants allegedly hired a non-African American owned contractor, One Source, to complete the tasks covered by plaintiffs' Purchase Order agreements. Plaintiffs expressed their belief that both the assignment of the extra work and the loss of the work covered by the Purchase Order agreements were discriminatory and race-based.

The multi-year contract was finally approved and signed on July 31, 2008, and plaintiffs commenced work thereunder on August 26, 2008. On or about September 23, Janzen and Henderson reported to defendant Ruth Rodriguez that plaintiffs' contract should be terminated because the quality of plaintiffs' work was unsatisfactory. Rodriguez allegedly told Henderson to inform plaintiffs that the contract was terminated, and as instructed, Henderson verbally informed plaintiffs on September 23. Janzen allegedly gave a similar verbal report to plaintiffs on September 25. Plaintiffs allege that Rodriguez did not have the authority to approve, nor Henderson and Janzen the authority to verbally terminate, the contract. Instead, they allege the contract provided that in the event of a "failure of the Contractor to carry out any term, promise or condition of the contract,"

> [t]he City and County of Denver will issue a written notice of

> default to the Contractor . . . In the event of issuance of a
> default notice, the Contractor will be provided a reasonable
> opportunity to correct the default prior to the exercise of
> above mentioned remedies. . . . [T]he Director of
> Purchasing may notify the Contractor in writing of the delay
> or nonperformance and, if not cured in ten (10) days or any
> longer time specified in writing, the Director of Purchasing
> may terminate the Contractor's right to proceed with the
> Contractual Agreement.

(**Second Am. Compl.** ¶ 52 at 11.) Plaintiffs allege that they were not given an opportunity to cure the alleged defects in their performance prior to termination of the contract, nor did they receive written notice from the Director of Purchasing. Instead, written notice of termination was sent to plaintiffs from an attorney acting on behalf of the City on September 30, 2008. After plaintiffs' contract was terminated, defendants hired One Source to do the work covered by the contract.

Plaintiffs bring claims for racial discrimination and retaliation in the making and enforcement of contracts pursuant to 42 U.S.C. §§ 1981 and 1983.[2] Defendants sought to dismiss on the ground that the complaint failed to state a claim under these statutes. Plaintiffs were granted leave to file an amended complaint to attempt to address some of the alleged deficiencies noted in defendants' motion. (*See* **Order on Motion for Leave To File Second Amended Complaint** [#26], filed April 17, 2009.)[3] Defendants insist that the amended complaint is still deficient because it does not allege facts sufficient to suggest that they were motivated by racial animus.

I disagree. Because the issue of invidious intent is rarely subject to direct proof,

---

[2] Because defendants do not raise the issue in their motion, I do not address whether plaintiffs' section 1983 claim is redundant of their section 1981 claims.

[3] In the instant motion, defendants purport to withdraw their original motion to dismiss. Thus, I will deny that motion as moot.

circumstantial evidence and reasonable inferences therefrom may support a finding of racial animus.  **See Hampton v. Dillard Department Stores, Inc**., 247 F.3d 1091, 1107 (10th Cir. 2001), **cert. denied**, 122 S.Ct. 1071 (2002);  **Kendrick v. Penske Transportation Services**, 220 F.3d 1220, 1225 (10th Cir. 2000).  More particularly, when circumstantial evidence is used to prove a claim under section 1981, a plaintiff may state a *prima facie* claim of racial discrimination or retaliation for opposing racial discrimination by reference to the burden-shifting analysis of **McDonnell-Douglas Corp. v. Green**, 411 U.S. 792, 802-04, 93 S.Ct. 1817, 1824-25, 36 L.Ed.2d 668 (1973). **Perry v. Woodward**, 199 F.3d 1126, 1134 (10th Cir. 1999), **cert. denied**, 120 S.Ct. 1964 (2000).  Under that test, a presumption of invidious, race-based intent to discriminate arises if the Second Amended Complaint alleges facts sufficient to show that (1) plaintiffs are members of a protected class; (2) they were qualified for the job they were hired to perform; (3) despite plaintiffs' qualifications, they were discharged; and (4) the job was not eliminated after plaintiffs' contract was terminated.  **See Hysten v. Burlington Northern and Santa Fe Railway Co.**, 296 F.3d 1177, 1181 (10th Cir. 2002).  A section 1981 retaliation claim is adequately plead if the complaint alleges that (1) plaintiffs engaged in protected opposition to discrimination; (2) they suffered an adverse employment action; and (3) there is a causal connection between the protected activity and the adverse employment action.  **Id.** at 1183.  **See also CBOCS West, Inc. v. Humphries**, – U.S. –, 128 S.Ct. 1951, 1958, 170 L.Ed.2d 864 (2008) (reaffirming that section 1981 encompasses claims for retaliation).

      The Second Amended Complaint adequately pleads all elements of both these

claims. With respect to their discrimination claim, plaintiffs allege that they are African American, that they were qualified for the job the contracted to do, that the contract was terminated, and that the job tasks were subsequently turned over to a non-African American contractor. In addition, they allege other facts that could lead to a reasonable inference of discriminatory animus, including that their work was subject to intense scrutiny that was not visited on non-minority contractors and that they were assigned lower-paying tasks while non-minority contractors were assigned higher-paying jobs that rightfully should have been assigned to plaintiffs. As regards plaintiffs' retaliation claim, the Second Amended Complaint alleges that plaintiffs voiced concern about racially biased treatment on several occasions, that their contract was terminated, and that similarly situated non-minority contractors were treated more favorably in the terms and conditions of the performance of their contracts. These allegations are more than sufficient to sustain plaintiffs' pleading burden at this stage of the litigation.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendants' Motion To Dismiss Plaintiffs' Second Amended Complaint Pursuant to Fed.R.Civ.P. 12(b)(6)** [#29] filed May 1, 2009, is **DENIED**;

2. That **Defendants' Motion To Dismiss Plaintiffs' Amended Complaint Pursuant to Fed.R.Civ.P. 12(b)(6)** [#9] filed February 23, 2009, is **DENIED AS MOOT**; and

3. That **Plaintiffs' Motion To Strike Defendants' Motion To Dismiss Second Amended Complaint Pursuant to Fed.R.Civ.P. 12(b)(6) – Docket # 29 – Filed May 1, 2009, or in the Alternative, For Leave To File a Surreply to Defendants' Reply**

**Brief – Docket # 34 – Filed May 21, 2009** [#35] filed May 26, 2009, is **DENIED AS MOOT**.

Dated June 5, 2009, at Denver, Colorado.

                                      **BY THE COURT:**

/s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge