**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 09-cv-00007-REB-MEH

AAA NATIONAL MAINTENANCE, a Georgia corporation, and
DANA MAYFIELD,

      Plaintiffs,

v.

CITY AND COUNTY OF DENVER, a municipal corporation,
DENVER DEPARTMENT OF AVIATION, a Department of the City and County of Denver,
KENTON JANZEN, in his official capacity as Denver's Buyer, and in his individual capacity,
APRIL HENDERSON, in her official capacity as Denver's Contract Maintenance Manager, and in her individual capacity,
RUTH RODRIGUEZ, in her official capacity as Denver's Executive Sponsor of Strategic Initiatives, and in her individual capacity, and
CHARYN BILLICK, in her official capacity as Denver's Contract Compliance Technician, and in her individual capacity,

      Defendants.

## ORDER DENYING PLAINTIFFS' APPLICATION FOR DEFAULT JUDGMENT

**Blackburn, J.**

The matter before me is **Plaintiffs' Application for Default Judgment** [#39] filed June 19, 2009.  I deny the motion.

The Tenth Circuit has recognized that "Rule 55 mandates a two-step process for a party who seeks a default judgment in his favor."

> First, the party wishing to obtain a default judgment must apprise the court that the opposing party has failed to plead or otherwise defend by requesting by affidavit or otherwise that the clerk enter default on the docket.  Second, following an entry of default by the clerk, the party entitled to a judgment by default shall apply to the court therefor.

***Williams v. Smithson***, 1995 WL 365988 at *1 (10th Cir. June 20, 1995) (internal

citations and quotation marks omitted); **see also Garrett v. Seymour**, 2007 WL 549388 at *2 (10th Cir. Feb. 23, 2007) (describing clerk's entry of default under Rule 55(a) as "a prerequisite for the entry of a default judgment" under Rule 55(b)).  It appears from the docket that plaintiffs have not first requested an entry of default from the Clerk of the Court as clearly required by the relevant Federal Rules of Civil Procedure and the relevant caselaw interpreting them.  Thus, plaintiffs' request for a default judgment therefore must be denied as premature.

**THEREFORE, IT IS ORDERED** that **Plaintiffs' Application for Default Judgment** [#39] filed June 19, 2009, is **DENIED**.

Dated June 23, 2009, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge