**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 09-cv-00007-REB-MEH

AAA NATIONAL MAINTENANCE, a Georgia corporation, and
DANA MAYFIELD,

    Plaintiffs,

v.

CITY AND COUNTY OF DENVER, a municipal corporation,
DENVER DEPARTMENT OF AVIATION, a Department of the City and County of Denver,
KENTON JANZEN, in his official capacity as Denver's Buyer, and in his individual capacity,
APRIL HENDERSON, in her official capacity as Denver's Contract Maintenance Manager, and in her individual capacity, and
RUTH RODRIGUEZ, in her official capacity as Denver's Executive Sponsor of Strategic Initiatives, and in her individual capacity,

    Defendants.

## ORDER RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**Blackburn, J.**

The matter before me is defendants' **Motion for Summary Judgment** [#87] filed November 3, 2009.  I grant the motion in part and deny it in part.

The facts of this case are set forth at length in my **Order Denying Motion To Dismiss** [#37] entered June 5, 2009, and need not be repeated here.  Plaintiffs in this action allege causes of action for discrimination and retaliation under 42 U.S.C. §§ 1981 and 1983 relating to the termination of their contract to provide power washing services at Denver International Airport ("DIA").  However, it is clear that plaintiff Mayfield individually lacks standing to pursue claims based on the contract, as he admittedly was

not a party thereto.  ***Domino's Pizza, Inc. v. McDonald***, 546 U.S. 470, 479-480, 126 S.Ct. 1246, 1252 (2006); *see also* ***Guides, Ltd. v. Yarmouth Group Property Management, Inc.***, 295 F.3d 1065, 1072-73 (10th Cir. 2002).[1]  I therefore will grant defendants' summary judgment motion insofar as it seeks to dismiss Mayfield as a party to this action.

In addition, I note that plaintiffs purport to sue each of the individual defendants in both their official and individual capacities.  The official capacity suits, however, are simply duplicative of plaintiffs' claims against the City of Denver itself.  *See* ***Kentucky v. Graham***, 473 U.S. 159, 165-67 & n.14, 105 S.Ct. 3099, 3105-06 & n.14, 87 L.Ed.2d 114 (1985); ***Johnson v. Board of County Commissioners of Fremont***, 85 F.3d 489, 493 (10th Cir.), ***cert. denied***, 117 S.Ct. 611 (1996).  As such, those claims should be dismissed as well.  ***Johnson v. Town of Vail, Colorado***, 2009 WL 1394263 at *2 (D. Colo. May 19, 2009).

With respect to the substantive discrimination and retaliation claims brought by plaintiff AAA National Maintenance, however, having reviewed the arguments, authorities, and evidence presented, I perceive one or more genuine issues of material fact that are not amenable to summary resolution.  The remainder of defendants' motion accordingly will be denied.[2]

---

[1] Plaintiffs' citation to ***Brown v. J. Kaz, Inc.***, 581 F.3d 175 (3rd Cir. 2009), is inapposite.  The relevant question is not whether Mayfield was an independent contractor *vel non*, but whether he personally had rights under the contract on which suit was brought.  He clearly is not a party to that contract, and, thus, lacks standing to bring claims pursuant thereto.

[2] I decline defendants' invitation to stay trial of this matter pending culmination of the appeal of the administrative hearing officer's decision regarding whether the City breached its contractual obligations by failing to afford sufficient notice of its intent to terminate and an opportunity to cure.  Defendants fail to demonstrate how resolution of those issues would be determinative of plaintiffs' racial discrimination and

**THEREFORE, IT IS ORDERED** as follows:

1. That defendants' **Motion for Summary Judgment** [#87] filed November 3, 2009, is **GRANTED IN PART** and **DENIED IN PART**, as follows:

    a. That the motion is **GRANTED** insofar as it seeks to dismiss the claims of plaintiff Dana Mayfield individually, and those claims are **DISMISSED WITH PREJUDICE**; and

    b. That the motion is **DENIED** otherwise;

2. That plaintiff Dana Mayfield is **DROPPED** as a named party to this action, and the case caption **AMENDED** accordingly;

3. That plaintiffs' claims against the individual defendants in their official capacities are **DISMISSED WITH PREJUDICE**; and

4. That at the time judgment enters, judgment **SHALL ENTER** as follows:

    a. That judgment **SHALL ENTER** on behalf of defendants, the City and County of Denver, the Denver Department of Aviation, Kenton Janzen in his individual capacity, April Henderson in her individual capacity, and Ruth Rodriguez in her individual capacity, and against plaintiff, Dana Mayfield, as to all claims and causes of action brought by him individually; and

---

retaliation claims in this lawsuit.

    Moreover, I reject the individual defendants' arguments that they are entitled to qualified immunity as to plaintiffs' retaliation claims. As defendants acknowledge, the clearly established law on the issue was handed down four months prior to termination of plaintiffs' contract. *See CBOCS West, Inc. v. Humphries*, – U.S. –, 128 S.Ct. 1951, 1961, 170 L.Ed.2d 864 (2008). Since ignorance of the law is never a defense, I cannot condone defendants' argument that plaintiffs' substantive rights should hinge on whether sufficient time has elapsed to allow government officials to become aware of the decision.

      b.  That judgment **SHALL ENTER** on behalf of defendants, Kenton Janzen in his official capacity as Denver's Buyer, April Henderson, in her official capacity as Denver's Contract Maintenance Manager, and Ruth Rodriguez, in her official capacity as Denver's Executive Sponsor or Strategic Initiatives, and against plaintiff, AAA National Maintenance, as to the claims asserted against them in their official capacities.

Dated January 7, 2010, at Denver, Colorado.

                        **BY THE COURT:**

                        */s/ Robert E. Blackburn*
                        Robert E. Blackburn
                        United States District Judge