**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 09-cv-00007-REB-MEH

AAA NATIONAL MAINTENANCE, a Georgia corporation, and
DANA MAYFIELD,

      Plaintiffs,

v.

CITY AND COUNTY OF DENVER, a municipal corporation, and
DENVER DEPARTMENT OF AVIATION, a Department of the City and County of Denver,

      Defendants.

**ORDER DENYING MOTION TO APPEAL COURT'S
DECISION DENYING REQUEST TO RE-OPEN SETTLEMENT
AGREEMENT DUE TO LACK OF JURISDICTION**

**Blackburn, J.**

      The matter before me is plaintiffs' **Motion To Appeal Court's Decision Denying Request for Re-Open Settlement Agreement Due to Lack of Jurisdiction** [#157][1] filed October 18, 2011. Construing the motion as a request for me to reconsider my **Minute Order** [#156] filed October 11, 2011, I deny the request.

      The bases for granting reconsideration are extremely limited:

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already

---

[1] "[#157]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

> addressed or advance arguments that could have been raised in prior briefing.

*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted). Plaintiffs offer nothing suggesting that any of these factors are implicated in this case.[2]

The decisions from courts outside the Tenth Circuit to which plaintiffs cite are not binding on me, nor do they convince me that the apposite authority cited in my **Minute Order** is erroneous. As I stated there, and shall reiterate here for plaintiffs' benefit, "there is no procedural mechanism to reopen a case dismissed with prejudice to enforce the settlement. Instead, an independent action must be commenced asserting a breach of the settlement contract, and an independent basis for jurisdiction in the enforcement action must be established." *CattIco, LLC v. United AG Export Corp.*, 2009 WL 973562 at *3 (D. Colo. April 10, 2009)

**THEREFORE, IT IS ORDERED** that plaintiffs' **Motion To Appeal Court's Decision Denying Request for Re-Open Settlement Agreement Due to Lack of Jurisdiction** [#157] filed October 18, 2011, is **DENIED**.

Dated November 17, 2011, at Denver, Colorado.

BY THE COURT:

Bob Blackburn
Robert E. Blackburn
United States District Judge

---

[2] I note further that a corporation cannot appear before a federal court *pro se* but must be represented by a licensed attorney. *Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir. 2006). Thus plaintiff Mayfield's attempt to represent the interests of the corporate plaintiff are ineffectual.